IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

PAUL QUINN COLLEGE

    Plaintiff,

v.                                     CIVIL ACTION NO. 1:09-cv-2327-WSD

THE SOUTHERN ASSOCIATION
OF COLLEGES AND SCHOOLS
COMMISSION ON COLLEGES

    Defendant.

## MOTION TO QUASH SUBPOENA AND IMPOSE SANCTIONS
## AND MEMORANDUM IN SUPPORT

Lynchburg College moves to quash the attorney-issued subpoena duces tecum served upon it on behalf of Paul Quinn College and to impose sanctions on counsel for Paul Quinn College on the grounds set forth in the following memorandum.

### Memorandum

Counsel for Paul Quinn College issued the attached subpoena dated December 12, 2009, to Lynchburg College, which was served on the College on December 16, 2009, in connection with a case pending in the Northern District of Georgia styled *Paul Quinn College v. The Southern Association of Colleges and Schools Commission on Colleges*, Civil Action No. 1:09-cv-2327-WSD.

The Amended Complaint in this suit indicates it is a challenge to the revocation of the accreditation of Paul Quinn College by the Southern Association of Colleges and Schools Commission on Colleges ("SACS").

By its terms the subpoena seeks all documentation relating to Paul Quinn College's membership in SACS between Kenneth R. Garren, President of Lynchburg College, and

"any person affiliated in any way with SACS." (Document Requests 1 & 2) The subpoena also seeks all documents relating to correspondence or communications between Kenneth R. Garren and any employee of or person affiliated with SACS, without regard to whether the documents relate to Paul Quinn College.

Counsel for Lynchburg College had informed counsel for Paul Quinn College prior to the issuance of this subpoena that Lynchburg College had no documents relating to Paul Quinn College, though one of its employees, President Kenneth R. Garren, had such documents, which he received in connection with his service on a committee of SACS. See December 18, 2009, letter from counsel for Lynchburg College to Counsel for Paul Quinn College, attached as Exhibit A.

Lynchburg College is a SACS-accredited educational institution. The SACS accreditation process is an arduous one, involving hundreds of hours of faculty and staff time devoted to institutional self-study of literally every aspect of a college's operations, from goal-setting to curriculum development, to the quality of student and faculty services, to a review of the college's financial performance and stability. It is a meeting and document-intensive process.

In this process, an institution generates thousands upon thousands of documents, many of them of a sensitive and proprietary nature. Once the institutional self-study is completed, more voluminous documents are produced during the course of the review of these documents by teams of scholars from other SACS-accredited institutions for the purpose of evaluating whether the institution meets the standards set by SACS for accreditation.

Most, if not all of the submissions and other interactions with SACS in connection with the accreditation process involve the institution's president, directly or indirectly.

Counsel for Paul Quinn College is aware of this, representing as they do their client in connection with the review of and denial of accreditation to their client by SACS.

The scope of the subpoena issued to Lynchburg College by counsel for Paul Quinn College seeks all of this material from Lynchburg College in document request 3, though the information sought has no connection whatsoever to Paul Quinn College or to any issue apparent from the Amended Complaint in the pending lawsuit.

The request to Lynchburg College for all documents exchanged between one of its employees – its President – and anyone affiliated with SACS, with or without regard to whether the correspondence or communications deal in any way with Paul Quinn College is overbroad, burdensome, and oppressive, and the College itself does not have possession, ownership or control of the correspondence or communications between its employee and SACS pertaining to Paul Quinn College.

Production of all documents of which the College does have ownership and control between its President with anyone "affiliated" with SACS – without regard to whether those documents relate in any way to Paul Quinn College, such as Lynchburg College's own SACS accreditation – including other institutions accredited by SACS, individuals performing service for SACS, and the like, would be burdensome, unreasonable and oppressive, and would take enormous amounts of the time, energy, and resources of the College to locate, identify and produce. The reach of this subpoena is so broad it encompasses all communications between one of the College's employees and any person or institution "affiliated" with SACS relating to Lynchburg College or any other college or person Dr. Garren has dealt with in any way, in connection with SACS or not, including sensitive financial and proprietary information of colleges who have nothing to do with Paul Quinn College.

Counsel for Lynchburg College has notified counsel for Paul Quinn College of these facts, both before and after issuance of the subpoena, and asked that the subpoena to the College be withdrawn and a narrowly-drawn subpoena for President Garren for materials related to Paul Quinn College in his possession and under his control be issued. Counsel for Paul Quinn College has refused this request, as well as a request to narrow the scope of the documents requested from Lynchburg College. Issuance of the subpoena under these circumstances constitutes bad faith harassment of the College.

Lynchburg College asks this Court to quash the subpoena issued to it, or, in the alternative, to issue a protective order limiting the scope of the subpoena to documents in the possession and under the control of the College which relate to Paul Quinn College, and order Paul Quinn College to advance the reasonable cost of locating and producing any such documents Lynchburg College may have, and to award costs and reasonable attorneys' fees of $1,000.00 for having to move for this motion to quash.

DATED:  December 22, 2009
        Lynchburg, Virginia

Respectfully submitted,

LYNCHBURG COLLEGE

By: _____
              Counsel

Alexander W. Bell (VSB 13971)
Bell & Schneider, PLC
715 Court Street
P. O. Box 739
Lynchburg, Virginia 24505-0739
(434) 528-0411
(434) 845-3666 Fax
awb@abellaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have mailed by U.S. first-class mail, postage prepaid, the foregoing Motion to Quash Subpoena and Impose Sanctions and Memorandum in Support to counsel for Paul Quinn College, William F. Large, Esq. and Benjamin Riemer, Esq., 1717 Main Street, Suite 4800, Dallas, TX 75201, this 22nd day of December, 2009.

_____
Alexander W. Bell