AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| PAUL QUINN COLLEGE | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:09-CV-2327-WSD |
| THE SOUTHERN ASSOCIATION OF COLLEGES AND SCHOOLS COMMISSION ON COLLEGES | ) ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Georgia ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr. Kenneth R. Garren, c/o Lynchburg College, 1501 Lakeside Drive, Lynchburg, VA 24501

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attached Schedule A

| Place: Bickel & Brewer, Attn: Benjamin Riemer<br>1717 Main Street, Suite 4800, Dallas, Texas 75201<br>(214) 653-4000 | Date and Time:<br>01/18/2010 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __12/14/2009__

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* PAUL QUINN COLLEGE
_____, who issues or requests this subpoena, are:
William F. Large, Bickel & Brewer, 1717 Main Street, Suite 4800, Dallas, Texas 75201, wfl@bickelbrewer.com (214) 653-4000; Contact: Benjamin Riemer, Bickel & Brewer, 1717 Main Street, Dallas, Texas 75201, bxr@bickelbrewer.com (214) 653-4000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:09-CV-2327-WSD

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A TO SUBPOENA DUCES TECUM

## DEFINITIONS AND INSTRUCTIONS

1. The terms **"relate to," "related to," "relating to," "refer to," "concerning,"** or **"concern"** mean concerning, relating to, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, compromising, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, memorializing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally, or logically connected to the subject matter of the particular request.

2. The term **"document"** shall mean all writings of any sort and should be construed in its broadest sense to include, but not be limited to, all original and non identical copies, whether by reason of marginalia or other notes or alterations, and all preliminary or subsequent drafts of the following items, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, including intercompany and intracompany communications, correspondence, letters, telegrams, cables, telexes, memoranda, records, books, journals, summaries of records or papers, graphs, charts, maps, sketches, plans, drawings, blueprints, diagrams, tables, indices, pictures, recordings, tapes, accounts, analytical records, memoranda of telephone calls, minutes or records of meetings or conferences, reports, notes, minutes or summaries of interviews, conversations, telephone calls, conferences, negotiations, meetings, investigations, opinions or reports of consultants, appraisals, reports or summaries of negotiations, brochures, bulletins, pamphlets, circulars, advertising literature, trade letters, press releases, contracts, notes, codes as well as other devices to decipher abbreviations or other notations, computer printouts, analytical records, diaries, forecasts, photographs, photocopies, recordings, tape recordings, motion picture films, graphs, note charts, notebooks, documents generated for or as a result of meetings, lists of persons attending

1

meetings, newspaper articles, mailing lists, contracts, drafts, notes, marginal comments appearing on or affixed to any document, calendars, day timers, date books, messages, letters of credit, financial statements, invoices, statements of account, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or lien, loan agreements, credit and debit memoranda, drafts, projections, working papers, securities ledgers, canceled checks and drafts (front and back), check stubs, receipts, and other documents, papers or writings of whatever description including, but not limited to, any information contained in any computer or information retrieval device.

3. The terms **"communication," "communicate"** and **"communicated"** mean any oral or written utterance, notation or statement of any kind whatsoever, by or to whomever, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more persons.

4. **"Person"** or **"persons"** includes natural persons, groups of natural persons acting in a collegial capacity (*e.g.*, a committee or counsel), corporations, partnerships, associations, trusts, joint ventures, and any other incorporated or unincorporated business, governmental, public or legal entity. A reference to any person or persons shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents, or other persons acting or purporting to act on its behalf.

5. **"Appeals Committee"** shall mean the Commission on College's Appeals Committee that heard PQC's appeal on August 18, 2009, and ruled on PQC's appeal on August 24, 2009.

6. **"Commission"** shall mean the Commission on Colleges of the Southern Association of Colleges and Schools, Inc., including its employees, agents and representatives.

2

7. **"C&R Committee"** shall mean any and all Committees on Compliance and Reports that were involved in any way with the consideration of Paul Quinn College's membership status in the Southern Association of Colleges and Schools, Inc, from 2005 to the present.

8. **"On-site Review Committee"** shall mean any committee under the purview of SACS that visited Paul Quinn College.

9. **"SACS"** shall mean the Southern Association of Colleges and Schools, Inc., including its employees, agents, and representatives.

10. Unless otherwise indicated, the use in this Request of your name, or the name of any party, business organization, trust, or other legal entity, shall specifically include all of that entity's present or former employees, partners, officers, directors, agents, representatives, members, departments, sections, affiliates, subsidiaries, parents, attorneys of the person, party, business organization, trust or other legal entity, and all other persons acting on its behalf, and any sole proprietorship, company, corporation, partnership, limited liability company/corporation/partnership, joint venture, trust/estate, association or state/federal governmental body, agency or official comprising such entity.

11. For purposes of interpreting or construing the scope of these requests, the terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual Request. This includes, without limitation, the following:

    a.    Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the request more inclusive;

    b.    Construing the singular form of the word to include the plural and the plural form to include the singular;

    c.    Construing the masculine to include the feminine and vice versa; and

    d.    Construing the term "including" to mean including but not limited to.

12.    These requests for documents are intended to include all documents in your possession or subject to its custody or control. A document is deemed to be within your possession, custody, or control of if:

    a.    it is within your actual knowledge or possession;

    b.    it is within the knowledge of any other person or entity and you have the right to obtain the information or document from such person or entity;

    c.    it is in your physical control; or

    d.    it is in the physical control of any other person or entity, and you:

        i)    own the document in whole or in part;

        ii)    have a right by contract, statute, or otherwise, to use, inspect, examine, or copy that document on any terms; or

        iii)    have, as a practical matter, been able to use, inspect, examine, or copy that document when you have sought to do so.

## II.

## RELEVANT TIME PERIOD

Unless otherwise specified herein, the period of time covered by these Requests is from January 1, 2005 through the present.

## III.

## DOCUMENT REQUESTS

1.    All documents relating to Paul Quinn College or the consideration of its membership in SACS by SACS or any of SACS's committees, assemblies, or groups, including,

4

but not limited to, the College Delegate Assembly, any On-Site Review Committee, any C&R Committee, any Special Committees, the Executive Council, or the Appeals Committee.

       2.     All documents relating to correspondence or communications written or verbal, between you and any employee, member, representative of or other person affiliated with SACS, including, but not limited to, Gerald Lord and Belle Wheelan.

       3.     All documents relating to any correspondence or communications written or oral, relating to Paul Quinn College between you and any person affiliated in any way with SACS or any of SACS's committee, assembly or group, including, but not limited to, members of the College Delegate Assembly, any On-Site Review Committee, any C&R Committee, any Special Committees, the Executive Council, and or the Appeals Committee.

5201048.4
8001-155

**EXHIBIT A**

**BELL & SCHNEIDER, PLC**

ALEXANDER W. BELL
WILLIAM F. SCHNEIDER

ATTORNEYS AT LAW
715 COURT STREET
P.O. BOX 739
LYNCHBURG, VIRGINIA
24505-0739

FACSIMILE (434) 845-3666
E-mail mail@abellaw.com

TELEPHONE (434) 528-0411

December 18, 2009

*Via First Class Mail and E-mail*

Benjamin Riemer, Esq.
Bickel & Brewer
4800 Comerica Bank Building
1717 Main Street
Dallas, TX 75201

Dear Mr. Riemer,

    We act as counsel to Lynchburg College.

    As my partner William Schneider discussed with you on December 14 in connection with your subpoena issued out of the Northern District of Texas for records from the College relating to Paul Quinn College, the College itself has no such records, and would, in any event, move to quash even a properly-issued subpoena as broadly framed as the one you issued. It appeared to Mr. Schneider from that conversation, as well as from the wording of the subpoena, that the documents you were seeking actually belong to an individual you erroneously believed to be a College employee, and not the College itself.

    As registered agent of the College, I received another subpoena on December 16 issued out of the Northern District of Georgia, again requesting documents from the College which it does not have, in a subpoena framed so broadly that it would be impossible to honor without extraordinary burden and expense, even if the College had the records you request in the subpoena. Once again, it appears the records you seek actually belong to an individual –the College President, Dr. Kenneth Garren – and not the College itself.

    As you and I discussed yesterday, we are prepared to move to quash the subpoena to the College on the grounds of its extraordinary breadth, which encompasses all communications between the College and SACS on any subject, including its own accreditation, whether or not the communications relate in any way to Paul Quinn College. We will do so within the time allowed by the Rules, unless the subpoena is promptly withdrawn. We will also move to quash the subpoena issued out of the

Benjamin Riemer, Esq.
Bickel & Brewer
December 18, 2009
Page 2

Northern District of Texas on the same grounds, in addition to its issuance out of the wrong court, unless it is also withdrawn.

Dr. Kenneth Garren, President of Lynchburg College, does have documents relating to Paul Quinn College which he has received in connection with certain duties he has performed for SACS, the defendant in the suit you have filed on behalf of Paul Quinn College in the Northern District of Georgia. He is willing to accommodate your request for those documents in response to a subpoena directed to him in his individual capacity. Most of the documents he has were filed with SACS by your client.

Accordingly, if you will withdraw the pending subpoenas to the College in writing before the 14-day period for filing a motion to quash expires, and issue a subpoena to Dr. Garren requesting only the documents he has as a consequence of his service to SACS in connection with Paul Quinn College, Dr. Garren will comply with the subpoena. He has authorized us to accept service of such a subpoena on his behalf, and to send you the documents he has relating to Paul Quinn College. Again, most of these documents were filed with SACS by your client.

I understood from our conversation yesterday that this proposal was acceptable to you. Nonetheless, I was served today with a subpoena directed to Dr. Garren in his individual capacity that includes a request for "all correspondence or communications, written or verbal" between Dr. Garren and anyone "affiliated with SACS," without regard to whether the documents deal with Paul Quinn College. This request suffers from the same objectionable overbreadth as the subpoenas to the College, and tracks a subpoena out of the Northern District of Texas you had earlier issued to Dr. Garren.

In fairness to you, it appears from the face of this most recent subpoena that it was issued on December 14, 2009, the day of your conversation with Mr. Schneider, and before our conversation yesterday. But if this represents the subpoena you intend for Dr. Garren, we will move to quash it, as well as the earlier one to Dr. Garren issued out of the wrong court.

If the subpoena issued out of the proper court were limited to the documents requested in paragraphs 1 and 3 of the subpoena, Dr. Garren would be happy to comply, once the subpoenas to the College and the earlier one to Dr. Garren are withdrawn.

Please advise us in writing if the subpoena I received today is the one to Dr. Garren on which you choose to stand, and whether you will withdraw the subpoenas to the College and the earlier subpoena to Dr. Garren, so we can take appropriate action.

Sincerely,

Alex Bell